**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1604**

JOSE MARIA LARA-ORELLANA,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 30, 2019                    Decided: February 8, 2019

Before WILKINSON and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Carmen A. Boykin, BOYKIN LAW FIRM PLLC, Alexandria, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Derek C. Julius, Assistant Director, Jonathan K. Ross, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Maria Lara-Orellana, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We deny the petition for review.

We have the reviewed the arguments that Lara-Orellana presses on appeal in light of the administrative record, including the transcript of Lara-Orellana's merits hearing and all supporting evidence, and the relevant legal authorities.  Despite Lara-Orellana's assertions to the contrary, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)

---

[1] With regard to the denial of his claim for relief under the CAT, Lara-Orellana's brief cites sister circuit and Board authorities, as well as several relevant statutory and regulatory provisions, but does not contain any substantive argument particular to the adjudication of this claim.  Federal Rule of Appellate Procedure 28(a)(8)(A) provides that the argument in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  It is well established that "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999); *accord Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013); *see Johnson v. United States*, 734 F.3d 352, 360 (4th Cir. 2013) (citing Rule 28 and concluding that appellant waived or abandoned review where he had "not challenged the basis for the district court's decision in any meaningful way").  We thus hold that Lara-Orellana has waived review of the denial of his application for CAT relief by failing to assert any argument that meaningfully challenges the basis for the agency's ruling on this claim.

(2012)—including the adverse credibility finding[2]—and that substantial evidence supports the denial of relief in this case, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Specifically, although the Board did not adopt every reason articulated by the Immigration Judge for the adverse credibility determination, the Board agreed with the two main groupings of inconsistencies identified by the Immigration Judge and confirmed that, based on the totality of the circumstances, there was no clear error in the adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2012). Upon review, we hold that substantial evidence supports these determinations. *See Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Accordingly, we deny the petition for review for the reasons stated by the Board. *In re Lara-Orellana* (B.I.A. Apr. 27, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

3